UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ULADZIMIR SLIUSAR and ALIAKSANDRA HRYHORYEVA, Petitioners, v. LORETTA E. LYNCH, Attorney General, Respondent. | Nos. 10-71562 11-73849 Agency Nos. A098-534-453 A098-534-454 ORDER AMENDING MEMORANDUM DISPOSITION and DENYING PETITION FOR REHEARING and REHEARING EN BANC |

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY,* District Judge.

The memorandum disposition filed on February 5, 2015, is amended to omit reference to the BIA's decision with respect to Petitioner Hryhoryeva's filing of a frivolous application. The petition for rehearing has alerted the panel to the fact that the BIA vacated its finding of the filing of a frivolous application for asylum as to Hryhoryeva only.

As so amended, the panel has voted to deny the petition for panel rehearing; Judges Tallman and Rawlinson have voted to deny the petition for rehearing en banc and Judge Murphy so recommends. The full court has been advised of the

_____

* The Honorable Stephen Joseph Murphy III, United States District Court Judge for the Eastern District of Michigan, sitting by designation.

petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are **DENIED**.  No further petitions for rehearing will be entertained.

FILED

**NOT FOR PUBLICATION**

JUL 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ULADZIMIR SLIUSAR and ALIAKSANDRA HRYHORYEVA, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-71562 <br><br> Agency Nos.   A098-534-453 <br> A098-534-454 <br><br><br> AMENDED MEMORANDUM[*] |
| ULADZIMIR SLIUSAR and ALIAKSANDRA HRYHORYEVA, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-73849 <br><br> Agency Nos.   A098-534-453 <br> A098-534-454 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3. Loretta E. Lynch is substituted for Eric H. Holder, Jr. as Attorney General. Fed. R. App. P. 43(c)(2).

1

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY, District Judge.[***]

Appellants Uladzimir Sliusar and derivatively Aliaksandra Hryhoryeva, citizens of Belarus, petition for review of a Board of Immigration Appeals decision affirming an Immigration Judge's denial of their application for asylum, withholding of removal, protection under the Convention Against Torture, and determination that Sliusar filed a frivolous asylum application. Where, as here, the BIA incorporates parts of the IJ's decision while providing its own analysis, we review those incorporated portions of the IJ's decision but otherwise confine our analysis to the BIA opinion. *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir. 1996). Decisions of the agency are reviewed under the substantial evidence standard and must be affirmed if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Donchev v. Mukasey*, 553 F.3d

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

1206, 1213 (9th Cir. 2009) (citing to *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

Petitioners were admitted to the United States on June 4, 2004, in Newark, New Jersey. Sliusar applied for asylum on January 27, 2005. On June 27, 2006, the IJ, after a hearing on the merits, found that Petitioners had filed a frivolous asylum petition. The BIA reviewed this decision and denied Petitioners appeal on all but one count. The BIA remanded the case to the IJ to reconsider whether Sliusar filed a frivolous application in light of the recent BIA decision in the *Matter of Y-L-*, 24 I. & N. Dec. 151 (BIA 2007). The IJ again found that Petitioners filed a frivolous application, even in light of the BIA's opinion in the *Matter of Y-L-*. Petitioners appealed again and the BIA affirmed. On March 11, 2011, Petitioners filed a motion to reopen, which was denied on November 16, 2011. This appeal followed.

The agency's finding that Sliusar was not credible and his asylum application frivolous are well supported by the record. The IJ examined Sliusar's statement in support of his application for asylum and found that large portions of that statement were copied from "five different asylum declarations filed in five different cases." The plagiarism was so extensive that the IJ noted that many of the five statements had "full paragraphs identical to those of the respondent." During

the IJ's hearing, Sliusar was asked to explain these similarities. Rather than explaining them, his testimony produced further inconsistencies with his prior testimony to the court and the asylum officer. Given the obvious plagiarism in his application, his inability to explain why his statement was so similar to others, and the inconsistencies within his own sworn testimony, the IJ properly found Sliusar not credible. *Ahir v. Mukasey*, 527 F.3d 912, 918-19 (9th Cir. 2008) (holding that inconsistencies between an alien's application and testimony and an inability to explain those inconsistencies establishes frivolousness by a preponderance of the evidence).[1]

The record also supports the IJ's determination that Sliusar submitted a frivolous asylum application. First, Sliusar was adequately advised that frivolousness was a concern. Then, the IJ properly found that "a substantial number of discrepancies, in fact, all of them, go to the heart of respondent's claim, and therefore are material elements of this claim." Sliusar was given sufficient opportunity to explain the discrepancies in his application and testimony and failed to do so. Moreover, Petitioners were given a second opportunity to brief the discrepancies when the BIA remanded their claim for consideration of the factors

---

[1] Petitioner claims that the testimony of the asylum officer was incompetent. We find this claim meritless. Moreover, there was ample documentary evidence in the record to support the IJ's adverse credibility finding against Sliusar.

in light of the *Matter of Y-L-*, 24 I. & N. Dec. 151.  On the second evaluation of Petitioners' claim, the BIA held that "the Immigration Judge followed the framework of *Matter of Y-L-*, *supra*, to determine that the respondents knowingly made frivolous asylum applications."  We agree.  The IJ was not required to hold another hearing on remand, as the record was sufficiently developed to apply *Matter of Y-L-* to the facts of the case.

The BIA did not abuse its discretion in denying either of Petitioners' requests to reopen.  *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009).  Under an abuse of discretion standard, Petitioners failed to establish changed country conditions warranting reopening.  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (holding that to reopen a case an alien must show that the new evidence would likely change the result) (citing to *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)).

The petition for rehearing has alerted us to the fact that the BIA vacated its finding of the filing of a frivolous application for asylum as to Hryhoryeva only.  We amend our previous disposition to reflect that fact.

**PETITION DENIED.**